

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-4-2009

# Ming Zheng v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2244

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Ming Zheng v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1923.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1923

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2244
_____

MING CHUN ZHENG,
                                        Petitioner

vs.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent


_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A79-682-679)
Immigration Judge: Honorable Donald Ferlise

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2009
Before:  Chief Judge SCIRICA, CHAGARES and WEIS, Circuit Judges
(Opinion filed: February 4, 2009)
_____

OPINION
_____

PER CURIAM.

        Ming Chun Zheng petitions for review of the decision by the Board of

Immigration Appeals ("BIA") denying him asylum, withholding of removal and relief

under the United Nations Convention Against Torture ("CAT"), and ordering him

1

removed to China. We will deny the petition.

We set forth the underlying facts in our earlier decision granting the petition for review in this case and, thus, we summarize only the pertinent procedural history. On June 25, 2007, we granted Zheng's petition for review, holding that the Immigration Judge's ("IJ") adverse credibility determinations were not supported by substantial evidence. Zheng v. Attorney General, No. 06-2751, slip. op. at 7-12, 2007 WL 1805598, at * 4 (3d Cir. Jun. 25, 2007). We remanded the matter to the BIA to determine whether Zheng had shown that he suffered past persecution or had a well-founded fear of future persecution if he was returned to China.

On remand, the BIA vacated the IJ's adverse credibility and frivolous application findings and dismissed the appeal. The BIA upheld the IJ's alternate finding that, assuming the credibility of his testimony, Zheng failed to demonstrate past persecution or that he held a plausible fear of future persecution based on his participation in 2001 in an underground, unregistered church in China.[1] With regard to past

---

[1] Specifically, the IJ found that "the arrest and detention of the respondent for a few days does not, in the considered opinion of this Court, raise to the level of persecution." The IJ stated that "[t]he profile of asylum claims and country conditions authored by the State Department reflects that unregistered religious groups in China experience different degrees of official interference and harassment with the degree of restriction varying significantly from one region to the other. From reading the State Department reports and based on the respondent's testimony as to what happened to him when he was arrested by the cadres it does not appear that the harassment in the area where the respondent lives with regard to the underground churches raises to the level of persecution. And consequently, even if I found the respondent credible, I would not find that he had a well-founded fear of persecution if he returned to China."

persecution, the BIA noted that the 2004 Country Report indicated that China's human rights record was poor with respect to participants in underground, unregistered churches. The BIA stated, however, that Zheng's arrest and being "hit a few times" by police during his detainment for a few days, and his narrow escape from arrest upon his attendance at an underground church session a short time later, "do not rise to the level of persecution" but were "more in the nature of harassment, albeit heavy-handed harassment, in terms of his treatment by police." The BIA also concluded that even if Zheng's subjective fear of persecution based on his religious beliefs was genuine, "he has failed in his burden of proving an objectively reasonable possibility of persecution [in the future]." Zheng filed a timely petition for review.

We have jurisdiction to review final orders of the BIA under section 242(a)(1) of the INA, 8 U.S.C. § 1252(a)(1). Where, as here, the BIA expressly adopts the IJ's decision and discusses some of the IJ's reasoning, we review the decisions of both the IJ and the BIA. Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). Under the deferential substantial evidence standard for review, the BIA's findings must be upheld unless the evidence not only supports a contrary conclusion, but compels it. Xie v. Ashcroft, 359 F.3d 239, 243 (3d Cir. 2004) (quoting INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B)).

In holding that Zheng's experiences did not amount to past persecution, the BIA cited our decision in Fatin v. INS, 12 F.3d 1233 (3d Cir. 1993), where we defined

persecution as "extreme conduct." Id. at 1240 n.10. Zheng argues that his past experiences show that his freedom to practice his religion was threatened and, thus, he met his burden of showing past persecution sufficient to warrant asylum relief.

The question here is not simply whether Zheng's freedom to practice his religion in China was restricted in any manner. In Fatin, we noted that "the concept of persecution does not encompass all treatment that our society regards as unfair, unjust or even unlawful or unconstitutional." Id. at 1240; see also Jarbough v. Attorney General, 483 F.3d 184, 191 (3d Cir. 2007) (noting that "[a]busive treatment and harassment, while always deplorable, may not rise to the level of persecution"). Rather, the question is whether the government's conduct in restricting Zheng's freedom to practice religion was so severe or extreme that it amounted to persecution. Zheng mistakenly relies on Beskovic v. Gonzales, 467 F.3d 223, 226 (2d Cir. 2006), for the proposition that his minor beating without injury constitutes persecution because it occurred in the context of an arrest or detention. We do not recognize as persecution "isolated incidents that do not result in serious injury." See Voci v. Gonzales, 409 F.3d 607, 615 (3d Cir. 2005). In Chen v. Ashcroft, 381 F.3d 221, 234-35 (3d Cir. 2004), we held that the BIA reasonably concluded that the respondent's minor beating by Chinese authorities was not serious enough to constitute persecution, noting that Chen never alleged that he suffered injuries for which he received medical treatment.

Here, there is no record evidence that Zheng suffered persecution as he did

4

not testify that he suffered any serious injuries from his abuse by Chinese authorities. Notably, he did not testify that he sought medical treatment. He testified that the Chinese police let him go from detention because they had no evidence of wrongdoing on his part. While he was staying with relatives, the police visited his parents' home once to urge him to attend the government-sponsored church. He was not arrested by the police again, even though he did not follow their instruction to attend the government-sponsored church. There is no record evidence that the police looked for him at his parent's house or elsewhere after he fled, which suggests that the authorities did not specifically target him for persecution. As a result, the BIA's conclusion that Zheng failed to show past persecution is amply supported by the record. We cannot say that any reasonable adjudicator would be compelled to conclude to the contrary.[2]

Having failed to show past persecution, Zheng is not entitled to a rebuttable presumption that he has a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1); Lukwago v. Ashcroft, 329 F.3d 157, 174 (3d Cir. 2003). In order to establish a well-founded fear of future persecution, Zheng must show that his fear of persecution upon his return to China is genuine and is objectively reasonable. See Abdille v. Ashcroft, 242 F.3d 477, 496 (3d Cir. 2001). Assuming that Zheng's fear was

---

[2] Zheng's claim that the BIA's decision was not supported by substantial evidence because the IJ did not consider past persecution, is meritless because the record clearly indicates that the IJ did make a finding with respect to past persecution. See A.R. at 62.

5

genuine, the BIA concluded that his reasons for fearing persecution upon his return to China were not plausible. The BIA essentially agreed with the IJ that while the 2004 Country Report indicated that the amount of government restriction and resort to oppressive tactics to suppress underground churchgoing varied widely from region to region, the climate in the region where Zheng resided was not generally oppressive. There is little record evidence to support the conclusion that Zheng's fears are plausible. He did not testify that anyone else in his congregation continued to be arrested or detained on account of their religion during the years that he was in the United States. He did not testify or present other competent evidence that the local authorities are looking for him currently or that they would seek to arrest him or harm him should he return to China. Thus, we conclude that substantial record evidence supports the BIA's determination that Zheng failed to show that he had a well-founded fear of future persecution.

Relying on the 2007 Country Report, Zheng argues that the BIA erred in its ruling on the objective reasonableness of his fears. As the Government correctly points out, however, the 2007 Country Report is not part of the administrative record on appeal, and, thus, we cannot consider it. The 2007 Country Report would have to be brought before the BIA in the form of a motion to reopen alleging changed country circumstances. We, of course, offer no appraisal of the merits of any such motion.

Accordingly, we will deny the petition for review.